UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robert V. Towle

   v.                                          Civil No. 11-cv-293-SM

Lester Eldridge, et al.[1]


**REPORT AND RECOMMENDATION**

Robert V. Towle has filed a complaint (doc. no. 1), pursuant to 42 U.S.C. § 1983, alleging that defendants, employees of the New Hampshire State Prison for Men ("NHSP"), have violated his Eighth Amendment and Fourteenth Amendment rights. The matter is before the court for preliminary review to determine whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Standard of Review**

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se, the magistrate judge

---

[1]In addition to Eldridge, Towle has named the following New Hampshire State Prison employees as defendants to this suit: Lt. Santo Fiorillo, Maria McKennara, RN, and Corrections Officer R. Bashaw.

conducts a preliminary review. The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)). In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6). The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

**Background**

Robert Towle is an inmate at the NHSP. On February 11, 2011, Towle was involved in a minor verbal scuffle with NHSP Sgt. Dubois. Dubois told Towle to remove his property from his cell. Towle requested a plastic bag in which to carry his property, but he was not given one. An officer told Towle to return to his pod, which Towle understood to mean that he should return to his cell and not pack up his property. NHSP Corrections Officer Provost then came to Towle's cell and asked why it wasn't packed up. Towle explained to Provost that he had

attempted to get bags to do that, but that he had been instructed to return to his cell instead. At some point, the discussion turned into an argument, and Provost made the decision to remove Towle from his unit and take him to "the tank."

During transport to the tank, Towle and Provost continued to have an argument, with Towle at one point sitting down and refusing to stand up until another officer arrived. After one more minor instance of discord between Provost and Towle, Provost escorted Towle to the NHSP Health Services Center ("HSC") where he was evaluated for mental fitness for transfer to the Secure Housing Unit ("SHU"). At the HSC, Nurse McKennara spoke to Dubois on the phone. Dubois told McKennara that Towle's disruptive conduct had been out of character for him, and that Towle had missed his psychiatric medications on that day. Nurse McKennara found Towle to be fit for SHU.

SHU is a maximum security unit which, among other things, houses NHSP inmates who are in Pending Administrative Review ("PAR") status. The incidents that occurred on February 11, 2011, resulted in several disciplinary charges being brought against Towle, including failing to obey an order, disrupting the unit, and resisting detention. Towle was housed at SHU on

PAR status, beginning Febraury 11, 2011, pending the resolution of his disciplinary charges.

Towle's disciplinary hearing was initially scheduled for February 28, 2011, but was continued until March 22, 2011, for further investigation after Towle identified a number of witnesses to the February 11 incident. Towle requested another continuance of the hearing so that he could engage in further investigation and "discovery" to prepare for the hearing.

The hearing was ultimately held on April 5, 2011, after Towle had spent forty-nine days in SHU on PAR status.[2] Towle complains that he was denied witnesses at the hearing and that he was not given written witness statements for witnesses spoken to by officers, which impeded his ability to defend himself. Towle was found not guilty on one charge and was found guilty of the other charges. Towle received the following sanctions: seventy-five days loss of canteen; seventy-five days loss of telephone; seventy-five hours extra duty; and twenty days of punitive segregation, ten days suspended for 180 days and ten days imposed. After he was convicted of the resisting detention

---

[2] Towle states that he spent fifty-three days in SHU, but the period from February 11, 2011, until April 5, 2011, is forty-nine days. Because the difference of four days in SHU does not impact the court's recommendation, the court need not resolve the question.

6

disciplinary violation, Towle was notified that his classification status had been increased from C-3 (medium custody) to C-4 (close custody), a more restrictive security level.

Towle alleges that during the time he was on PAR status, many individuals at the NHSP failed to follow the administrative regulations that govern the conduct of NHSP personnel.  The regulations he alleges were not followed related to: status review and notification procedures for inmates placed on PAR status; procedures for disciplinary hearings, including the allowance of witnesses; and regulations regarding general staff demeanor and conduct toward inmates.

### The Claims[3]

Towle asserts the following claims for relief:

1.   Towle's Fourteenth Amendment due process rights were violated when: (a) Towle was not afforded proper notification and review procedures during the time he was in PAR status; (b) Towle was not allowed to call witnesses or obtain witness statements at a disciplinary hearing, which hindered his ability

---

[3]The claims, as identified herein, will be considered to be the claims asserted by Towle in his complaint.  If Towle disagrees with this identification of his claims, he must do so by properly objecting to this report and recommendation or by moving to amend his complaint.

to defend the disciplinary charges against him, resulting in sanctions and an increase in his classification level; and (c) NHSP employees failed to follow the prison's administrative procedures governing their conduct.

    2.   Towle's Eighth Amendment right not to be subjected to cruel and unusual punishment was violated when he was subjected to unduly restrictive conditions of confinement in PAR status for fifty-three days, without being afforded appropriate due process.

## Discussion

I. <u>Due Process Claims</u>

"The Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" <u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995) (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)). While a state may under certain circumstances create liberty interests implicating the Due Process Clause:

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin, 515 U.S. at 483-84 (citing Bd. of Pardons v. Allen, 482 U.S. 369 (1987)). "Discipline by prison officials in response to . . . misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485. Inmates do not have any liberty interest in where they are housed which could invoke protection by the Due Process Clause. See Meachum v. Fano, 477 U.S. 215, 225 (1976) (Due Process Clause does not protect convicted prisoner against transfers within a State prison system as long as the prisoner is not subjected to a custody status that is outside the normal limits of the sentence or the range of punishment authorized by the conviction).

    Towle alleges that as a result of the failure of the defendants to comply with NHSP regulations regarding the process to be employed in placing and retaining an inmate in PAR status and in disciplinary proceedings, he suffered the following: forty-nine days in PAR status in SHU; seventy-five days loss of phone and canteen privileges; seventy-five hours of extra duty; ten days in punitive segregation; and reclassification to a higher custody level. Towle does not allege that he suffered a loss of good time or that the sanctions otherwise increased or exceeded the outer bounds of his sentence. The sanctions Towle

describes are not so severe as to constitute an "atypical and significant hardship in relation to the ordinary incidents of prison life."  See Sandin, 515 U.S. at 484 (thirty days in punitive segregation did not implicate liberty interest sufficient to invoke due process protections); Dominque v. Weld, 73 F.3d 1156,1159-60 (1st Cir. 1996); Waller v. Maples, No. 1:11CV00053 JLH-BD, 2011 WL 3861369, *1 (E.D. Ark. Aug. 31, 2011) (adopting report and recommendation in Waller, 2011 WL 3861370, *4 (E.D. Ark. July 26, 2011) (punitive segregation for thirty days with no educational programming or ability to go to church and one hour out-of-cell-time per day spent in shackles and handcuffs, including for showers, was not atypical and significant hardship in prison context)).  Because Towle cannot assert a liberty interest in avoiding the sanctions he received, he cannot state a constitutional claim for the alleged deprivation of due process protections.  Towle's due process claims regarding his PAR status, reclassification, and disciplinary proceedings should be dismissed.

III. Conditions of Confinement

The Eighth Amendment entitles convicted prisoners to prison conditions that afford them the "'minimal civilized measure of life's necessities.'"  Farmer v. Brennan, 511 U.S. 825, 834

(1994) (citation omitted). Towle alleges that while he was housed in SHU he was subjected to significant restrictions on his confinement to which he was not subjected prior to his transfer to that unit. Specifically, Towle states that, during his stay in SHU, he was permitted very limited out-of-cell time; few possessions in his cell; limited recreational, social, and educational opportunities; restricted movement; limited law library time; and minimal access to religious services and none in his faith. Towle has not alleged that he was denied food, shelter, adequate clothing, medical or mental health care, access to basic hygiene, or any other item necessary for civilized living. While apparently unpleasant, Towle was not deprived of anything so necessary, or deprived of privileges for such duration, that there existed a "sufficiently serious" deprivation to garner the protection of the Eighth Amendment. See id. Accordingly, Towle's Eighth Amendment claim should be dismissed.

## Conclusion

For the foregoing reasons, the court finds that Towle has failed to state any claim upon which relief might be granted. Accordingly, the court recommends dismissal of the complaint in its entirety. Any objections to this Report and Recommendation

must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                           _____
                                                           Landya McCafferty
                                                           United States Magistrate Judge

Date: December 20, 2011

cc:  Robert V. Towle, pro se

LBM:jba